**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LAWRENCE HARRIS,                        :
                                        :
           Plaintiff,                   :        Civil Action No.:      12-1577 (RC)
                                        :
           v.                           :        Re Document No.:    5
                                        :
UNITED STATES SUPREME COURT,            :
                                        :
           Defendant.                   :

**<u>MEMORANDUM OPINION</u>**

G‌RANTING THE D‌EFENDANT'S M‌OTION TO D‌ISMISS

This suit arises from the *pro se* plaintiff's unsuccessful tryout for the Tulsa 66ers, a

professional basketball franchise based in Oklahoma.  The plaintiff initially brought suit in the

Northern District of Oklahoma and litigated his case all the way to the United States Supreme

Court.  After the Supreme Court declined to hear his case, the plaintiff filed this suit to challenge

the wisdom of the Justices' decision.

Of the Supreme Court, Justice Jackson once wrote: "We are not final because we are

infallible, but we are infallible only because we are final."  *Brown v. Allen*, 344 U.S. 443, 540

(1953) (Jackson, J., concurring).  Following Justice Jackson's maxim, this court lacks any power

to review the Supreme Court's actions.  *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per

curiam) (concluding that the District Court had no authority to require the Supreme Court to hear

the plaintiff's  (citing *Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979) ("[I]t seems

axiomatic that a lower court may not order the judges or officers of a higher court to take an

action.")); *Brown v. U.S. Supreme Court*, 2008 WL 5082141, at *1 (D.D.C. Dec. 2, 2008) ("This

Court has no authority to determine what action, if any . . . must be taken by the Justices of the

Supreme Court and the Supreme Court's administrative officers with respect to plaintiff's

appeals."). Accordingly, the plaintiff fails to state a claim upon which relief can be granted, and

the court will grant the defendant's motion to dismiss. An order consistent with this

memorandum opinion is separately issued this 23rd day of October, 2012.

RUDOLPH CONTRERAS
United States District Judge